**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

KARL SAFFO and RETA SAFFO,

       Plaintiffs,

v.                                              No. 1:20-cv-01220-LF

KURT WHYTE et al.,

       Defendants.

## <u>MEMORANDUM OPINION AND ORDER TO SHOW CAUSE</u>

**THIS MATTER** comes before the Court on *pro se* Plaintiffs' Complaint for Violation of Civil Rights, Doc. 1, filed November 20, 2020 ("Complaint").

Plaintiffs allege that they have had numerous prowlers on their property, often breaking into their home while they were at home and also while they were away.  *See* Complaint at 5. According to Plaintiffs, Defendants with the Santa Fe County Sheriff's Office initially responded to Plaintiffs but later ignored their emails and voicemails.  *See* Complaint at 5.  Plaintiffs also assert that they "began to receive SWAT calls—calls from SFCSO dispatch saying they'd received 911 hang-up calls from us and sending officers out to our home—almost nightly."  Complaint at 6. Plaintiffs state that Defendants said the calls were coming from Plaintiffs' landline after Plaintiffs had disconnected the landline, and they began receiving calls on their cellphones after Plaintiffs changed their cellphone numbers "maybe 15-20 times."  Complaint at 6.  Plaintiffs assert the following claims pursuant to 42 U.S.C. § 1983, against Defendants, who are employed by Santa Fe County Sheriff's Office, New Mexico State Police, or New Mexico Department of Public Safety: (i) "Conspiracy to Cover-up;" (ii) Civil Rights Abuse/Egregious Misconduct;" (iii) "Stalking;" (iv) "Harassment;" (v) "Deliberate Dereliction of Duty Damage to property;" (vi)

"Falsifying Information on tort claim response;" and (vii) "Deliberate Infliction of Undue Emotional Stress." Complaint at 4.

The Complaint fails to state a claim upon which relief can be granted because it fails to state with any particularity what each Defendant did to each Plaintiff, when each Defendant committed these alleged unspecified actions, the violation of a specific legal right secured by federal law, and which Defendant Plaintiffs believe violated each right. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."); *Hogan v. Winder*, 762 F.3d 1096, 1112 (10th Cir. 2014) ("Under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States."); *Brooks v. Gaenzle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010) (allegations of a conspiracy may form the basis of a § 1983 claim, but "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants" because " '[c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim").

**IT IS ORDERED** that Plaintiffs shall, within 21 days of entry of this Order, either (i) show cause why the Complaint should not be dismissed for failure to state a claim; or (ii) file an amended complaint. Failure to timely show cause or file an amended complaint may result in dismissal of this case.

Laura Fashing
United States Magistrate Judge