IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KARL SAFFO and RETA SAFFO,

      Plaintiffs,

v.                                            No. 1:20-cv-01220-LF

KURT WHYTE et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING REQUEST TO SEAL AMENDED COMPLAINT**

THIS MATTER comes before the Court on *pro se* Plaintiffs' Response to the Order to Show Cause, Doc. 5, filed December 10, 2020 ("Response").

Plaintiffs alleged that they have had numerous prowlers on their property, often breaking into their home while they were at home and also while they were away. *See* Complaint at 5, Doc. 1, filed November 20, 2020. According to Plaintiffs, Defendants with the Santa Fe County Sheriff's Office initially responded to Plaintiffs but later ignored their emails and voicemails. *See* Complaint at 5. Plaintiffs also asserted that they "began to receive SWAT calls—calls from SFCSO dispatch saying they'd received 911 hang-up calls from us and sending officers out to our home—almost nightly." Complaint at 6. Plaintiffs stated that Defendants said the calls were coming from Plaintiffs' landline after Plaintiffs had disconnected the landline, and they began receiving calls on their cellphones after Plaintiffs changed their cellphone numbers "maybe 15-20 times." Complaint at 6. Plaintiffs asserted various claims pursuant to 42 U.S.C. § 1983, against Defendants, who are employed by Santa Fe County Sheriff's Office, New Mexico State Police, or New Mexico Department of Public Safety.

The Court notified Plaintiffs that the Complaint failed to state a claim upon which relief can be granted because it fails to state with any particularity what each Defendant did to each Plaintiff, when each Defendant committed these alleged unspecified actions, the violation of a specific legal right secured by federal law, and which Defendant Plaintiffs believe violated each right. *See* Doc. 4, filed November 24, 2020. The Court ordered Plaintiffs to either (i) show cause why the Complaint should not be dismissed for failure to state a claim; or (ii) file an amended complaint.

Plaintiffs did not show cause or file an amended complaint. Instead, Plaintiffs filed their Response which states:

> We can send you the details (and will do so, if so needed) that will provide you with all the evidential information you need to make a proper decision as to whether or not our case is valid and/or viable, but we would not want that information to be made public, or posted online for the world to view (yet), as potential home buyers might mistakenly think the issues we've had with law enforcement are somehow related to or with our property … We will send all that information (what each and every person we have named in the complaint has done … if we can be assured that that very personal information will not be posted online or made public before we sell our home.

Response at 1-2 (stating Plaintiffs "have been unable to obtain an attorney" and "are working hard to find an attorney").

The Court denies Plaintiffs request to seal the amended complaint.

> "Courts have long recognized a common-law right of access to judicial records," but this right "is not absolute." *Mann v. Boatright,* 477 F.3d 1140, 1149 (10th Cir.2007); *see, e.g., Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) ("It is *uncontested* ... that the right to inspect and copy judicial records is not absolute." (emphasis added)). We may, in our discretion, "seal documents if the public's right of access is outweighed by competing interests." *Helm v. Kansas,* 656 F.3d 1277, 1292 (10th Cir.2011) (quoting *United States v. Hickey,* 767 F.2d 705, 708 (10th Cir.1985)) (internal quotation marks omitted). "In exercising this discretion, we weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Id.* (quoting *Crystal Grower's Corp. v. Dobbins,* 616 F.2d 458, 461 (10th Cir.1980)) (internal quotation marks omitted). To overcome this presumption against sealing, the party seeking to seal

records "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.,* 663 F.3d 1124, 1135–36 (10th Cir.2011) (quoting *Helm,* 656 F.3d at 1292) (internal quotation marks omitted).

*JetAway Aviation, LLC v. Bd. Of County Comm'rs of County of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014). The only interest Plaintiffs set forth to justify restricting access to the amended complaint is their interest in selling their home and their concern that a potential buyer may mistakenly think Defendants' alleged behavior is related to the property rather than to Plaintiffs. The speculative concern that a potential buyer might misunderstand the allegations in the complaint is not a real and substantial interest that justifies depriving the public of access to Court records.

IT IS THEREFORE ORDERED that Plaintiffs may, within 30 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

_____
Laura Fashing
United States Magistrate Judge